**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Alexander Ocasio,<br>Plaintiff,<br>v.<br>Eastside Convention Center, LLC dba Caesars Forum; et al.,<br>Defendants. | Case No. 2:26-cv-01718-JAD-DJA<br><br>**Order** |

Before the Court are three of pro se Plaintiff Alexander Ocasio's ex parte motions. (ECF Nos. 11, 12, 13). Plaintiff explains that he has filed his motions ex parte because, at the time, no Defendants had yet appeared in the case. That is not a basis to file documents ex parte, so the Court orders the documents unsealed. *See* LR IA 7-2(b) (explaining that a party may only make an ex parte communication as specifically permitted by court order or the Federal Rules of Civil or Criminal Procedure).

In his first motion, Plaintiff seeks authority to file documents electronically. (ECF No. 11). Plaintiff later sought, and the Court granted, the same relief. (ECF Nos. 25, 32). So, the Court denies his motion as moot. (ECF No. 11).

In his second motion, Plaintiff asks the Court to expedite a hearing on Plaintiff's third motion, a motion "for judicial review of clerk's notice of intent to dismiss and to compel proper processing of returns of service." (ECF No. 12). Because the Court decides Plaintiff's third motion herein, the Court denies his second motion as moot. (*Id.*).

In his third motion, Plaintiff asks the Court to review a notice entered by the Clerk's Office, to vacate the notice, to direct the Clerk of Court to re-process Plaintiff's proofs of service, to find that the Clerk of Court exceeded their authority, and to make various findings about the sufficiency of Plaintiff's service on Defendants. (ECF No. 13). The Clerk's notice at issue is a

notice of intent to dismiss, informing Plaintiff that his action may be dismissed unless he files proof of service on Defendants by the Federal Rule of Civil Procedure 4(m) deadline. (ECF No. 7). Plaintiff asserts that the Clerk's notice was improperly entered. It was not. The Clerk's notice is simply that, a notice, informing Plaintiff of Federal Rule of Civil Procedure 4(m) service deadline. However, it does appear that the notice contains a typographical error regarding the date by which proof of service must be filed. So, the Court will strike the notice and deny Plaintiff's motion as moot. Federal Rule of Civil Procedure 4(m) governs Plaintiff's deadline for service.

**IT IS THEREFORE ORDERED** that the Clerk of Court is kindly directed to **remove** the ex parte designations from Plaintiff's motions (ECF Nos. 11, 12, 13) and to **strike** the notice of intent to dismiss (ECF No. 7).

**IT IS FURTHER ORDERED** that Plaintiff's motion to file electronically (ECF No. 11), his motion to expedite (ECF No. 12), and his motion for judicial review (ECF No. 13) are **denied as moot**.

DATED: September 24, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE