Alexander Ocasio
9070 Spring Mountain Road, Unit 106
Las Vegas, Nevada 89117
702 300 8785
Alexanderocasio1@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALEXANDER OCASIO, Plaintiff,<br>vs.<br>EASTSIDE CONVENTION CENTER LLC d/b/a CAESARS FORUM, et al., Defendants. | Case No. 2:26-cv-01718-JAD-DJA<br>**PLAINTIFF'S RESPONSE TO NOTICE OF NON-OPPOSITION (ECF 54) AND NOTICE THAT LVMPD'S MOTION TO DISMISS (ECF 26) AND MOTION FOR MORE DEFINITE STATEMENT ARE MOOT** |

Plaintiff Alexander Ocasio, appearing pro se, responds to the Notice of Non-Opposition filed by Defendant Las Vegas Metropolitan Police Department ("LVMPD") on October 14, 2026 (ECF 54), and gives notice that the Second Amended Complaint filed October 1, 2026 (ECF 46) is the operative pleading.

## INTRODUCTION

1. LVMPD's Motion to Dismiss (ECF 26) and its Motion for More Definite Statement are directed at the First Amended Complaint. Before LVMPD's response

deadline, and before LVMPD filed ECF 54, Plaintiff filed the Second Amended Complaint (ECF 46). Plaintiff did not file a separate opposition because he understood the motions to be directed at a pleading that the Second Amended Complaint replaced.

2. Plaintiff asks the Court to treat ECF 26 and the Motion for More Definite Statement as moot, or, in the alternative, to grant leave to file the Second Amended Complaint under the protective motion Plaintiff filed the same day (ECF 45), and to decline to treat the motions as unopposed.

## PROCEDURAL BACKGROUND

3. Plaintiff filed the original complaint on June 8, 2026. LVMPD's motion states that the First Amended Complaint is ECF No. 5 and was filed on August 26, 2026. (ECF 26 at 3.) As of September 3, 2026, all defendants were served with the First Amended Complaint as the operative pleading at ECF 41, 1-15.

4. LVMPD served its Motion to Dismiss the First Amended Complaint (ECF 26) on September 21, 2026, together with a Motion for More Definite Statement.

LVMPD filed the Motion for More Definite Statement as a separate docket entry the same day (ECF 27).

5. On October 1, 2026, ten days after that service, Plaintiff filed the Second Amended Complaint (ECF 46). On the same day Plaintiff filed a Motion for Leave to File Second Amended Complaint (ECF 45), with a copy of the Second Amended Complaint attached, as a protective filing in case the Court concluded that leave was required.

6. On October 14, 2026, LVMPD filed ECF 54. It states that Plaintiff's response to ECF 26 was due October 7, 2026, and that none was filed. Footnote 1 of ECF 54 refers to ECF 45 and ECF 46 and states that the motion for leave does not say it responds to LVMPD's motion.

7. On October 14, 2026, Defendants Eastside Convention Center LLC d/b/a Caesars Forum and Caesars Entertainment, Inc. filed an answer to the Second Amended Complaint (ECF 55) and several Orders have been granted per Stipulation to Extend Time for Defendants to respond to the First Amended Complaint or if leave is granted in whole or in part to the Second Amended Complaint if granted (49, 53, 52,).

## ARGUMENT

A. The Second Amended Complaint was filed within 21 days after service of LVMPD's Rule 12 motions.

8. Fed. R. Civ. P. 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course no later than 21 days after service of a motion under Rule 12(b), (e), or (f). LVMPD served its Rule 12(b)(6) motion and its Rule 12(e) motion on September 21, 2026. The Second Amended Complaint was filed 10 days later, within that period.

9. Plaintiff's position is that the First Amended Complaint was the only amendment before ECF 46 and served as the operative complaint on all parties, so the Second Amended Complaint was filed as a matter of course in response to the Rule 12 motions. Rule 15(a)(1) allows one amendment as a matter of course, and Plaintiff recognizes that the Court will decide whether the First Amended Complaint used that one amendment.

B. An amended complaint replaces the pleading the motions were directed at.

10. Plaintiff understands the rule in the Ninth Circuit to be that an amended complaint supersedes the prior complaint, so that a motion directed at the prior complaint is moot. Fed. R. Civ. P. 15(a)(3) also sets the time to respond to an amended pleading as the time remaining to respond to the original pleading or 14 days after service of the amended pleading, whichever is later.

11. Fed. R. Civ. P. 12(e) permits a motion for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response," and requires the motion to "point out the defects complained of and the details desired." The Second Amended Complaint is a new pleading. LVMPD may respond to it under Rule 15(a)(3).

C. The Second Amended Complaint adds facts concerning LVMPD.

12. Section IX of the Second Amended Complaint alleges that a manned LVMPD squad car was in the parking lot on June 3, 2025, and that the officer took no action to assist Plaintiff. It alleges that Plaintiff made a complaint to LVMPD on March 18, 2026, assigned LVMPD Case No. LVV260300071229, and gave LVMPD the sworn testimony of Marie Isabel Avalos, an audio recording of Chiquita Jeffery, photographs, and a written brief. It alleges that Plaintiff told

LVMPD the assault was racially motivated and part of a conspiracy, and that LVMPD did not investigate. (Second Amended Complaint ECF 46 ¶¶ 104-107.)

13. LVMPD's motions make the arguments listed in the first column of the chart below. The second column identifies the paragraphs of the Second Amended Complaint that address each one. The chart identifies allegations only and is not a full opposition.

| **LVMPD argument (ECF 26 page)** | **SAC Paragraphs** | **What the paragraphs allege** |
|---|---|---|
| Counts Eight and Nine do not say what relief is sought from LVMPD (4-5) | ¶¶ 14, 194(g)-(h) | A declaration on LVMPD's failure to investigate Case No. LVV260300071229 |
| No federal right is identified (6) | ¶ 104,106-107, 154, 194(g) | Equal Protection, Fourteenth Amendment |
| No policy or custom (5-6) | ¶ 104,107 | A pattern of non-investigation and a policy and custom of deliberate indifference |
| Claim rests on unnamed officers (6) | ¶ 104-105, 107 | A manned unit present on June 3, 2025; no investigation after the March 18, 2026 complaint |
| No racial or class-based animus under § 1985(3) (6-7) | ¶ 104, 106-107 | Plaintiff a Puerto Rican man of color; LVMPD told assault was racially motivated |
| No link between LVMPD and other defendants (7) | ¶ 16, 106-107, 155(a)-(h) | LVMPD on notice; failure to investigate pleaded as an overt act in ¶ 155(h) |
| Rule 12 (e): rights and relief unclear (8) | ¶ 154, 155(h), 194(g)-(h), | Right, act and relief stated for LVMPD |

14. As LVMPD's motion describes the First Amended Complaint, the complaint to LVMPD was alleged to have been made "on an unspecified date." (ECF 26 at 3.) The Second Amended Complaint states the date, March 18, 2026, the LVMPD case number, and the evidence Plaintiff submitted (¶ 105).

15. Plaintiff does not here argue the merits of ECF 26 beyond identifying the allegations in the chart. If the Court treats ECF 26 as directed at the Second Amended Complaint, Plaintiff asks for the opportunity to file an opposition within the time the Court sets.

D. The motions should not be treated as unopposed.

16. LVMPD relies on D. Nev. LR 7-2(d), under which failure to file points and authorities in response to a motion constitutes consent to granting it. Plaintiff did not file points and authorities because ECF 46 was filed before the response deadline and replaced the pleading the motions addressed.

17. In the alternative, if the Court finds that the Second Amended Complaint required leave, Plaintiff's Motion for Leave (ECF 45) is pending with the proposed pleading attached. Fed. R. Civ. P. 15(a)(2) provides that the court "should freely give leave when justice so requires." Plaintiff asks that ECF 45 be construed as also responding to LVMPD's motions to the extent the Court considers that necessary.

18. An error exist in the Second Amended Complaint for prayer for relief at lines 15 through 19. Plaintiff will seek leave to amend the second amended

complaint to cure the error in which he will seek to change the request for injunctive relief against Defendant LVMPD, Pablo Flores, and Chase Haverty, Esq to instead monetary and punitive damages. Therefore, it is necessary still for Defendant to Answer or otherwise respond to the Second Amended Complaint, if granted to proceed, as it should, in order to cure the deficiency and shore up the relief requested, within motion practice. Certainly, the Second Amended Complaint brings the claims against LVMPD into fuller scope and attachment to its request for a more definite statement, so the relief change will be for declaratory and monetary relief, which will require a further amendment to perfect the relief requested.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Find that the Second Amended Complaint (ECF 46) is the operative pleading and that LVMPD's Motion to Dismiss (ECF 26) and Motion for More Definite Statement are moot;

2. In the alternative, grant the Motion for Leave (ECF 45) and deem the Second Amended Complaint filed;

3. Decline to treat ECF 26 as unopposed under LR 7-2(d); and

4. Grant such other relief as the Court considers proper.

Dated: October 14, 2026

Respectfully submitted,

/s/Alexander Ocasio

Alexander Ocasio, Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, October 14, 2026, a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO NOTICE OF NON-OPPOSITION (ECF 54) AND NOTICE THAT LVMPD'S MOTION TO DISMISS (ECF 26) AND MOTION FOR MORE DEFINITE STATEMENT ARE MOOT was served upon all counsel of record via the Court's CM/ECF electronic filing system as follows:

SEMENZA RICKARD LAW
Lawrence J. Semenza, III, Esq., Bar No. 7174 Email: ljs@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848 Email: klc@semenzarickard.com

LITTLER MENDELSON
McCade Jay Wing, mwing@littler.com
Attorneys for Defendants Eastside Convention Center LLC d/b/a Caesars Forum and Caesars Entertainment, Inc.

MCCRACKEN, STEMERMAN & HOLSBERRY, LLP
Luke Dowling, ldowling@msh.law
Attorneys for Defendant Culinary Workers Union 226, Unite Here Local 226

HOLLAND & HART LLP
Steven JT Washington, SJWashington@hollandhart.com
Attorneys for Defendant Oracle America, Inc.

HARTWELL THALACKER LTD.

Doreen M Spears-Hartwell, doreen@hartwellthalacker.com
Attorneys for Defendants Hannah Yeomans and HMBY Events LL
NEVADA ATTORNEY GENERAL'S OFFICE
GOVERNMENT AND NATURAL RESOURCES DIVISION
Christena Georgas-Burns, cgeorgasburns@ag.nv.gov
Attorneys for Defendants Timothy Andrews, Judge Tierra Jones, Judge Michael Cherry and Judge Mark Denton
OFFICE OF THE ATTORNEY GENERAL

Nathan C. Holland, nholland@ag.nv.gov, msanni@ag.nv.gov, smessina@ag.nv.gov
Attorneys for Defendants Chase Haverty and Pablo Flores

/s/ Alexander Ocasio