Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848
Email: klc@semenzarickard.com
SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

*Attorneys for Defendant Las Vegas Metropolitan Police Department*

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALEXANDER OCASIO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>EASTSIDE CONVENTION CENTER LLC d/b/a CAESARS FORUM, a Delaware Limited Liability Company; et al.<br><br>Defendants. | Case No.: 2:26-cv-01718-JAD-DJA<br><br>**DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF NO. 45]** |

Defendant Las Vegas Metropolitan Police Department ("LVMPD") hereby files the instant Response in opposition to Plaintiff Alexander Ocasio's ("Plaintiff") Motion for Leave to File Second Amended Complaint [ECF No. 45] (the "Motion").

///

///

///

///

///

///

///

///

This Response is made pursuant to Fed. R. Civ. P. 15, any and all pleadings on file with the Court, the attached Memorandum of Points and Authorities and any additional argument of counsel the Court may consider.

DATED this 15th day of October 2026.

SEMENZA RICKARD LAW

*/s/ Katie Cannata*
Lawrence J. Semenza, III, Esq., Bar No. 7174
Katie L. Cannata, Esq., Bar No. 14848
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145

*Attorneys for Defendant Las Vegas Metropolitan Police Department*

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. BACKGROUND

### A. Pertinent Procedural Background

On June 8, 2026, Plaintiff filed his Complaint against Defendants (ECF No. 1.) Prior to service of this Complaint, Plaintiff filed his First Amended Complaint ("FAC") on August 26, 2026. (ECF No. 5.) Many of the allegations contained within Plaintiff's FAC stem from his prior employment at Caesars Forum. (ECF No. 5.) The FAC alleges the following causes of action against LVMPD: (1) deprivation of his civil rights under 42 U.S.C. §1983, (2) conspiracy 0 42 U.S.C. § 1985, (3) declaratory relief, and (4) injunctive relief. (*Id.*)

On September 21, 2026, LVMPD filed a Motion to Dismiss the FAC, or alternatively a Motion for a More Definite Statement. (ECF No. 26.) LVMPD moved to dismiss Plaintiff's Third Cause of Action (claims under 42 U.S.C. §§ 1983 and 1985), Eighth Cause of Action (Declaratory Relief), and Ninth Cause of Action (Injunctive Relief) against LVMPD. (*Id.*) In addition to LVMPD, Defendants Hannah Yeomans, HMBY Events LLC, Culinary Workers Union, Local 226, Clerk of the Eighth Judicial District Court Timothy F. Andrews, and Eighth Judicial District Court Judges Chief Judge Tierra Jones, Judge Michael Cherry, and Judge Mark R. Denton also filed Motions to Dismiss Plaintiff's claims against them. (ECF Nos. 18, 35, and 44.)

Thereafter, Plaintiff filed the instant Motion on October 1, 2026. (ECF No. 45.) Plaintiff seeks leave to incorporate what he contends is newly obtained information to "materially strengthen [his] existing claims and directly counteract the grounds raised in the pending Motions to Dismiss filed by Defendants Hannah Yeomans and HMBY Events LLC, Defendant Las Vegas Metropolitan Police Department, and Defendant Culinary Workers Union Local 226." (ECF No. 45 at 3:16-22.) In relevant part to LVMPD, Plaintiff asserts that the SAC incorporates "newly developed factual allegations regarding Defendant Las Vegas Metropolitan Police Department's failure to investigate the June 3, 2025 assault against Plaintiff." *Id.* at 3:5-8.) In the proposed Third Cause of Action, the SAC asserts that "LVMPD's deliberate failure to

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

investigate . . . directly furthered the conspiracy to deprive Plaintiff of his rights to work and earn a living as a Puerto Rican man of color." (*Id*. at ¶ 155.)

**B. <u>Allegations Contained in Plaintiff's Proposed SAC</u>**

Plaintiff contemporaneously filed his proposed SAC with the instant Motion. (ECF No. 46.) In the SAC, Plaintiff now alleges that on June 3, 2026, a man LVMPD squad car was present in the Caesar's Forum parking lot during the alleged assault. (*Id*. at ¶ 104.) Plaintiff alleges that this office failed to intervene, and that this failure "is consistent with a policy and custom of deliberate indifference to the constitutional rights of minority workers." (*Id*.) Plaintiff purportedly provided LVMPD with (1) testimony of Marie Isabel Avalos, an alleged witness to the assault, (2) an audio recording of testimony from Plaintiff's Employment Security Division appeal hearing, (3) photographs of the assault incident area, and (4) an unredacted unemployment file, which explained the assault. (*Id*. at ¶ 105.) Plaintiff alleges that he specifically informed LVMPD that the alleged assault was racially motivated, and LVMPD was on notice of "the racial and conspiratorial dimensions of the assault." (*Id*. at ¶ 106.) The SAC alleges that "LVMPD's inaction directly furthered the broader conspiracy among the Employer Defendants and state actors to deprive Plaintiff of his rights to work and earn a living, in violation of 42 U.S.C. §§ 1983 and 1985(3)." (*Id*. at ¶ 107.)

Additionally, the SAC seeks to add LVMPD as a Defendant in Plaintiff's proposed Seventh Cause of Action for civil assault and conspiracy to commit civil assault. In this Cause of Action, Plaintiff alleges that "LVMPD's inaction constitutes deliberate indifference under color of state law, in conspiracy with Caesars Forum management, to deprive Plaintiff of the equal protection of the laws on account of his race and national origin, in violation of 42 U.S.C. §§ 1983 and 1985(3)." (*Id*. at ¶ 190.) Finally, Plaintiff's proposed SAC seeks a declaration that LVMPD's alleged failure to investigate constitutes a violation of Plaintiff's right to equal protection, and that LVMPD's inaction at the scene of the assault "constitutes deliberate indifference to the constitutional rights of a minority complainant." (*Id*. at ¶ 194.)

Plaintiff's Motion and proposed SAC do not assert any new factual allegations that allege a viable claim against LVMPD upon which relief could be granted. Plaintiff offers no

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

substantive argument as to why and/or how his proposed amendment would ***not*** be futile in light of the arguments already raised in LVMPD's Motion to Dismiss. Accordingly, for the reasons discussed below, the Court should deny Plaintiff's Motion.

**II. ARGUMENT**

In the Motion, Plaintiff submits that his amendment should be allowed as a matter of course because it was filed within 21 days of "the pending Motion to Dismiss."[1] (ECF No. 45 at 2:4-7.) Fed. R. Civ. P. ("FRCP") 15(a)(1)(B) states that "[a] party may amend its pleading ***once*** as a matter of course no later than: . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." (emphasis added.) Plaintiff has already amended his Complaint once as a matter of course. (*See generally* FAC, ECF No. 5.) Therefore, Plaintiff cannot file the Second Amended Complaint as a matter of course, and may only amend his pleading with the opposing parties' written consent or with the Court's leave. FRCP 15(a)(2). For the reasons discussed below, the Court should deny Plaintiff's Motion for Leave to file the SAC.

"Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Ditto v. McCurdy,* 510 F.3d 1070, 1079 (9th Cir.2007) (quotation omitted); *see also Klein v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152, 1163 (D. Nev. 2009). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (stating that an amendment would be futile if "there is no set of facts that can be proved which would constitute a valid claim.")

Futility alone is sufficient to justify denial of leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The standard to be applied when determining the legal sufficiency

---

[1] As noted in the procedural background, several Defendants in this matter have filed pending Motions to Dismiss. While Plaintiff does not specify which Motion(s) to Dismiss he is referring to, LVMPD notes that the proposed SAC was filed within 21 days of the filing of all pending motions to dismiss.

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

of a proposed amendment is identical to that on a motion to dismiss for failure to state a claim. *Miller*, 845 F.2d at 214. In this instant Motion, Defendants bear the burden of showing why leave should be denied, as the party opposing the amendment. *Akinola v. Severns*, No. 3:14-CV-00222-HDM-WGC, 2015 WL 456535 at *2 (D. Nev. 2015).

Here, Plaintiffs' proposed amendments to their Complaint would be futile, given that the proposed amendments to Plaintiff's claims could not withstand a Motion to Dismiss. The SAC does not cure the deficiencies raised in LVMPD's Motion to Dismiss as to Plaintiff's Third Cause of Action. Similarly, Plaintiff's additional proposed amendments, if proved, would not constitute a valid claim. Because his proposed amendments would be futile, Plaintiff's Motion must be denied.

### A. <u>Plaintiff's Proposed SAC Fails to State a Claim Under 42 U.S.C. §§ 1983 and 1985 Against LVMPD</u>

As stated in LVMPD's Motion to Dismiss, and as the Court knows, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Bell Atlantic Corp. v. Twomby*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. That is, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Additionally, "[m]ere conclusory statements of law do not, without more, establish a factual foundation for the asserted legal conclusion." *DeShazier v. Williams*, No. CV F-06-0591, 2006 WL 2522397, at * 6 (E.D. Cal. Aug. 29, 2006) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Plaintiff's proposed SAC still falls short of the standard required to state a claim against LVMPD as a municipality. The "new" factual allegations[2] in Plaintiff's SAC do not establish that LVMPD had a policy or custom that led to the deprivation of Plaintiff's rights.

Plaintiff seeks leave to add factual allegations regarding (1) what documents he provided to LVMPD when he reported the assault and (2) the fact that an unnamed LVMPD officer was

---

[2] While Plaintiff asserts that the information contained in his SAC is newly discovered, the factual information related to LVMPD is information that Plaintiff knew when he filed both his Complaint and his FAC.

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

allegedly present at the scene of a June 3, 2025 incident. Even when drawing every conclusion in favor of Plaintiff, neither of these facts support the conclusion that LVMPD has a policy or custom that amounted to deliberate indifference to Plaintiff's rights. Rather, Plaintiff merely concludes without any factual basis that LVMPD has a policy and that this alleged policy amounted to a deliberate indifference to his rights. Despite Plaintiff's attempt to assert formulaic legal conclusions to the contrary, his SAC does not sufficiently plead an allegation under *Monell* as it contains only threadbare allegations.

Similarly, Plaintiff has failed to sufficiently establish the existence of a conspiracy and the LVMPD participated in said conspiracy. To state a claim for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must allege the following: "(1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).

The SAC regurgitates several of Plaintiff's allegations and labels them as "overt acts" that "furthered the conspiracy to deprive Plaintiff of his rights to work and earn a living as a Puerto Rican man of color." (ECF No. 46 at ¶ 155.) In his SAC, Plaintiff has failed to show that (1) he has a constitutionally protected right to work and (2) how LVMPD's actions led to the deprivation of this right. As with his FAC, the SAC fails to sufficiently allege a purported conspiracy between LVMPD and the other named Defendants to allegedly violate Plaintiff's rights based upon his race. There is simply nothing contained within the FAC that would suggest that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind" LVMPD's and/or the other named defendants' actions. *See* Manistee Town Ctr. v. City of Glendale, 227 F.3d 1090, 1095 (9th Cir. 2000). Such animus is an essential element of a cause of action under section 1985(3). *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Instead, this claim is premised upon LVMPD's alleged failure to investigate a claim of assault – which does not come close to animus of any kind – let alone a

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

meeting of the minds to purportedly deprive Plaintiff of any rights on the basis of his race. Simply stating that Plaintiff is a Puerto Rican man of color is not enough to establish that LVMPD, or frankly any other Defendant's actions, were motivated because of Plaintiff's race. Accordingly, amending this Cause of Action would be futile.

**B. <u>Plaintiff's Proposed Amendments to His Seventh Eighth, and Ninth Causes of Action Would Be Futile</u>**

Plaintiff's proposed SAC seeks to add LVMPD as a Defendant in his Seventh Cause of Action, which is a claim for civil assault and conspiracy to commit civil assault. (ECF No. 46 at ¶¶ 185-91.) At the outset, it is unclear from the SAC if Plaintiff is attempting to assert a Nevada state law cause of action, or a federal cause of action under 42 U.S.C. § 1983, as his claim is convoluted and references both. As with his Third Cause of Action, Plaintiff concludes, without any factual basis, that LVMPD participated in a conspiracy with other Defendants in this case. Again, Plaintiff has failed to assert a claim against LVMPD as a municipality. To the extent Plaintiff intended to bring a cause of action pursuant to 42 U.S.C. § 1983, Plaintiff has failed to sufficiently plead facts that would establish liability under *Monell*. *See Monell v. Dept. of Social Service*, 463 U.S. 658, 690-691 (1978). To the extent Plaintiff is seeking to allege a state law cause of action, Plaintiff's SAC fails to demonstrate any theory that would support liability against LVMPD as an employer of its officers. Rather, Plaintiff seeks to hold LVMPD responsible for the actions of one unnamed officer who was present at the scene. Plaintiff has not alleged any facts that would support a theory of liability against LVMPD in this instance.

The SAC also seeks to amend Plaintiff's claim for declaratory judgment. However, this Amendment would be futile because the proposed sought relief is duplicative to the relief sought in Plaintiff's Third Cause of Action. Plaintiff's SAC seeks a declaration that LVMPD's failure to investigate constituted a violation of his right to equal protection. (ECF No. 46 at ¶ 194(g).) Plaintiff also seeks a declaration that an LVMPD officer's presence at the scene of the June 3, 2025 incident amounted to a deliberate indifference to "the constitutional rights of a minority complainant." (*Id*. at ¶ 194(h).) The relief sought for the failure to investigate is identical to the relief sought in Plaintiff's Third Cause of Action, namely Plaintiff seeks a finding that LVMPD

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

violated his rights to equal protection. Additionally, his requested declaration for a finding of deliberate indifference is an express element of his Third Cause of Action. Simply put, Plaintiff's stated requests for declaratory relief mirror his claim asserted in the Third Cause of Action. Because these causes are duplicative, amendment would be futile and should be denied.

Additionally, the Motion asserts that Plaintiff's SAC "now pleads specific LVMPD directed declaratory and injunctive relief." (ECF No. 45 at ¶ 31.) However, the SAC does not contain any new requests for injunctive relief specifically directed at LVMPD, or alternatively all Defendants, that was not asserted in the FAC. (ECF No. 46 at ¶ 200; ECF No. 27 at ¶ 195.) As Plaintiff has not asserted any newly requested relief, amendment of his Ninth Cause of Action would be futile.

## III. CONCLUSION

Based on the foregoing, Plaintiff's proposed amendments would be utterly futile. The Proposed SAC does not allege sufficient facts to cure the claims he purports to assert against LVMPD and this strong showing of futility should overcome the presumption in favor of allowing amendment. As such, Plaintiffs' Motion must be denied.

DATED this 15th day of October 2026.

SEMENZA RICKARD LAW

*<u>/s/ Katie L. Cannata</u>*
Lawrence J. Semenza, III, Esq., Bar No. 7174
Katie L. Cannata, Esq., Bar No. 14848
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145

*Attorneys for Defendant Las Vegas Metropolitan Police Department*

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

# CERTIFICATE OF SERVICE

I am employed by the law firm of Semenza Rickard Law in Clark County. I am over the age of 18 and not a party to this action. The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

On the 15th day of October 2026, I served the document(s), described as:

**DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF NO. 45]**

☒ by placing the ☐ original ☒ a true and correct copy thereof as follows:

☒ a. **BY ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

Alexander Ocasio, alexanderocasio1@gmail.com
*Plaintiff Pro Se*

**LITTLER MENDELSON**
McCade Jay Wing, mwing@littler.com
*Attorneys for Defendants Eastside Convention Center LLC d/b/a Caesars Forum and Caesars Entertainment, Inc.*

**MCCRACKEN, STEMERMAN & HOLSBERRY, LLP**
Luke Dowling, ldowling@msh.law
*Attorneys for Defendant Culinary Workers Union 226, Unite Here Local 226*

**HOLLAND & HART LLP**
Steven JT Washington, SJWashington@hollandhart.com
*Attorneys for Defendant Oracle America, Inc.*

**HARTWELL THALACKER LTD.**
Doreen M Spears-Hartwell, doreen@hartwellthalacker.com
*Attorneys for Defendants Hannah Yeomans and HMBY Events LLC*

**NEVADA ATTORNEY GENERAL'S OFFICE**
**GOVERNMENT AND NATURAL RESOURCES DIVISION**
Christena Georgas-Burns, cgeorgasburns@ag.nv.gov
*Attorneys for Defendants Timothy Andrews, Judge Tierra Jones, Judge Michael Cherry and Judge Mark Denton*

**OFFICE OF THE ATTORNEY GENERAL**
Nathan C. Holland, nholland@ag.nv.gov, msanni@ag.nv.gov, smessina@ag.nv.gov
*Attorneys for Defendants Chase Haverty and Pablo Flores*

///

☐ b. **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Rickard Law's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day, which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. **BY PERSONAL SERVICE.**

☐ d. **BY DIRECT EMAIL.**

☐ e. **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/Olivia A. Kelly*
An Employee of Semenza Rickard Law

SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803