Alexander Ocasio
9070 Spring Mountain Road, Unit 106
Las Vegas, Nevada 89117
702 300 8785
Alexanderocasio1@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALEXANDER OCASIO, Plaintiff,

v.

EASTSIDE CONVENTION CENTER LLC d/b/a CAESARS FORUM, et al.,

Defendants.

Case No. 2:26-cv-01718-JAD-DJA

**PLAINTIFF'S RESPONSE TO DEFENDANT CULINARY WORKERS UNION'S NOTICE OF NONOPPOSITION (ECF NO. 58) AND STATEMENT THAT THE SECOND AMENDED COMPLAINT WAS FILED AS A MATTER OF COURSE**

Plaintiff Alexander Ocasio, appearing pro se, responds to the Notice of Nonopposition to Plaintiff's Motion for Leave to File Second Amended Complaint filed by Defendant Culinary Workers Union, Local 226 (the "Union") on October 15, 2026 (ECF No. 58). Plaintiff states his position that the Second Amended Complaint (ECF No. 46) was filed as a matter of course under Fed. R. Civ. P.

15(a)(1). In the alternative, Plaintiff asks the Court to grant leave under Fed. R. Civ. P. 15(a)(2).

## PROCEDURAL BACKGROUND

1. Plaintiff filed his original complaint on June 8, 2026. The original complaint was never served on any defendant.

2. Plaintiff filed the First Amended Complaint on August 26, 2026 (ECF No. 5, as the Union describes it). The First Amended Complaint was the first pleading served on the defendants. On September 3, 2026 all Defendant's in this action were served with the First Amended Complaint, which supersedes the original complaint and is the operative pleading that was served on all the Defendants (ECF 41).

3. Defendants responded to the First Amended Complaint. Defendant Las Vegas Metropolitan Police Department served a Rule 12(b)(6) Motion to Dismiss and a Motion for a More Definite Statement on September 21, 2026 (ECF No. 26 and 27). Defendant HMBY Events LLC and Hannah Yeoamans  served a Rule 12(b)(6) Motion to Dismiss (ECF No. 18) on September 18, 2026. Caesars Entertainment, Inc. and Eastside Convention Center LLC filed an Answer (ECF

21) on September 18, 2026. Defendant Culinary Workers Union Local 226 served a Rule 12(b)(6) Motion to Dismiss on September 25, 2026. All the above Motions to Dismiss and Answer concern are filed in response to the First Amended Complaint as the initial operative pleading. The remaining Defendants have entered into stipulations to extend the time in which to answer the first or second amended complaint depending on the Courts ruling the associated and admittedly unnecessary First Motion to Amend Complaint (ECF No. 45). Plaintiff should not have been so cautious as to have filed the First Motion to Amend Complaint when he already knew the Second Amended Complaint could be filed as a matter of course, but he is representing himself pro se and was cautious of how Defendants would attack the filings as the First Amended Complaint should have been titled simply Amended Complaint and then the Second Amended Complaint title the First Amended Complaint, here Defendant has mischaracterized the Second Amended Complaint as not being amended as a matter of course when the track line of the filing against Rule 15 (a)(1) clearly shows that it was and is the amended pleading filed as a matter of course.

4. On October 1, 2026, Plaintiff filed the Second Amended Complaint as an independent filing (ECF No. 46). The same day, Plaintiff filed a Motion for Leave

to File Second Amended Complaint (ECF No. 45), with the Second Amended Complaint attached, as a protective filing in the alternative.

5. On October 15, 2026, the Union filed its notice. The Union states that it does not oppose the motion for leave, and that it does not waive any argument concerning whether the Second Amended Complaint states a claim against it (ECF No. 58 at 2). The Union also states that Plaintiff amended once as a matter of course with the First Amended Complaint on August 26, 2026, and that the Second Amended Complaint requires "the opposing party's written consent or the court's leave." (*Id.*). This statement is erroneous and belies the record and is inconsistent with the application of Rule 15(a)(1). It is incorrect on its face and as a matter of record and law.

6. On October 14, 2026, Defendants Eastside Convention Center LLC d/b/a Caesars Forum and Caesars Entertainment, Inc. filed an answer to the Second Amended Complaint (ECF 55).

**PLAINTIFF'S POSITION**

A. The text of Rule 15(a)(1)

7. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). The rule is written in terms of a party

amending "its pleading." Plaintiff's position is that the pleading the rule refers to is a pleading that has been served and to which a response is due.

8. Rule 15(a)(1) then sets two periods in which the amendment may be made: within 21 days after serving the pleading, or, if the pleading requires a responsive pleading, within 21 days after service of a responsive pleading or of a motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B).

B. The Second Amended Complaint was Plaintiff's first amendment of a served pleading.

9. The original complaint was never served. No defendant was required to answer it or move against it, and no one did. The First Amended Complaint was the first pleading that reached the defendants, and every defendant responded to it and or stipulated to extend the time to file a responsive pleading. Plaintiff's position is that the First Amended Complaint operated as the served pleading in this action, and that the Second Amended Complaint is the amendment of that pleading under Rule 15(a)(1).

10. The Union's notice treats the First Amended Complaint as the one amendment as a matter of course because it was filed after the original complaint. Plaintiff respectfully disagrees. The notice does not address that the original complaint was never served and therefore misleads the Court by omission of the fact.

C. The timing of the Second Amended Complaint

11. The Union served its Rule 12(b)(6) Motion to Dismiss on September 25, 2026 (ECF No. 35) and its Rule 12(e). Twenty-one days after that date is October 16, 2026. Plaintiff filed the Second Amended Complaint on October 1, 2026, which is 6 days after service of that motion. Plaintiff filed it after defendant(s) had answered or moved against the First Amended Complaint, as Rule 15(a)(1)(B) contemplates.

12. The Second Amended Complaint was filed as an independent pleading, not only as an attachment to a motion. Plaintiff's position is that it was therefore filed as a matter of course, and that the Court's leave was not required for it to be operative.

D. In the alternative, leave should be granted under Rule 15(a)(2)

13. If the Court determines that the First Amended Complaint used Plaintiff's one amendment as a matter of course, Plaintiff asks the Court to grant the pending motion for leave (ECF No. 45). Rule 15(a)(2) allows amendment "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

14. The Union states in writing that it does not oppose the motion. The Union also acknowledges "the liberal policy in favor of amendment." (ECF No. 58 at 2.) Plaintiff does not contend that the Union's notice is, by itself, a formal stipulation. Plaintiff asks the Court to treat the Union's non-opposition as bearing on the leave motion, and to grant leave.

15. Rule 15(a)(2) states that the court "should freely give leave when justice so requires." The Second Amended Complaint adds facts and allegations, including as to the claims against LVMPD, which are summarized in Plaintiff's separate response to ECF No. 54. The case is at its earliest stage, and no scheduling order has been issued. No defendant has opposed the motion.

16. The Union reserves its arguments on whether the Second Amended Complaint states a claim against it. Plaintiff does not ask the Court to decide that question now. Plaintiff asks only that the Second Amended Complaint be accepted

as the operative pleading, so that every defendant may respond to it as Rule 15(a)(3) provides.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Determine that the Second Amended Complaint (ECF No. 46) was filed as a matter of course under Fed. R. Civ. P. 15(a)(1) and is the operative pleading;

2. In the alternative, grant Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 45) under Fed. R. Civ. P. 15(a)(2), and deem the Second Amended Complaint filed as of October 1, 2026; and

3. Grant such other relief as the Court finds proper.

Dated: October 15, 2026

Respectfully submitted,

/s/Alexander Ocasio
Alexander Ocasio
Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, October 15, 2026, a true and correct copy of the PLAINTIFF'S **RESPONSE TO DEFENDANT CULINARY WORKERS UNION'S NOTICE OF NONOPPOSITION (ECF NO. 58) AND STATEMENT THAT THE SECOND AMENDED COMPLAINT WAS FILED AS A MATTER OF COURSE** was served upon all counsel of record via the Court's CM/ECF electronic filing system as follows:

SEMENZA RICKARD LAW
Lawrence J. Semenza, III, Esq., Bar No. 7174 Email: ljs@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848 Email: klc@semenzarickard.com

LITTLER MENDELSON
McCade Jay Wing, mwing@littler.com
Attorneys for Defendants Eastside Convention Center LLC d/b/a Caesars Forum and Caesars Entertainment, Inc.

MCCRACKEN, STEMERMAN & HOLSBERRY, LLP
Luke Dowling, ldowling@msh.law
Attorneys for Defendant Culinary Workers Union 226, Unite Here Local 226

HOLLAND & HART LLP
Steven JT Washington, SJWashington@hollandhart.com
Attorneys for Defendant Oracle America, Inc.

HARTWELL THALACKER LTD.
Doreen M Spears-Hartwell, doreen@hartwellthalacker.com
Attorneys for Defendants Hannah Yeomans and HMBY Events LL
NEVADA ATTORNEY GENERAL'S OFFICE
GOVERNMENT AND NATURAL RESOURCES DIVISION
Christena Georgas-Burns, cgeorgasburns@ag.nv.gov
Attorneys for Defendants Timothy Andrews, Judge Tierra Jones, Judge Michael Cherry and Judge Mark Denton
OFFICE OF THE ATTORNEY GENERAL

Nathan C. Holland, nholland@ag.nv.gov, msanni@ag.nv.gov, smessina@ag.nv.gov
Attorneys for Defendants Chase Haverty and Pablo Flores

/s/ Alexander Ocasio