Alexander Ocasio
9070 Spring Mountain Road, Unit 106
Las Vegas, Nevada 89117
702 300 8785
Alexanderocasio1@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALEXANDER OCASIO, Plaintiff,<br>v.<br>EASTSIDE CONVENTION CENTER LLC d/b/a CAESARS FORUM, et al.,<br>Defendants. | Case No. 2:26-cv-01718-JAD-DJA<br>**PLAINTIFF'S RESPONSE TO DEFENDANT ORACLE AMERICA, INC.'S NOTICE OF NON-OPPOSITION (ECF NO. 60) AND STATEMENT THAT THE SECOND AMENDED COMPLAINT WAS FILED AS A MATTER OF COURSE** |

Plaintiff Alexander Ocasio, appearing pro se, responds to the Notice of Non-Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint filed by Defendant Oracle America, Inc. ("Oracle") on October 16, 2026 (ECF No. 60). Plaintiff states his position that the Second Amended Complaint (ECF No. 46) was filed as a matter of course under Fed. R. Civ. P. 15(a)(1). In the alternative, Plaintiff asks the Court to grant leave under Fed. R. Civ. P. 15(a)(2).

## PROCEDURAL BACKGROUND

1. Plaintiff filed his original complaint on June 8, 2026. The original complaint was never served on any defendant.

2. Plaintiff filed the First Amended Complaint on August 26, 2026 (ECF No. 5, as Oracle describes it). The First Amended Complaint was the first pleading served on the defendants. On September 3, 2026 all return of summons from all the defendant was filed in the Court. (ECF No. 41)

3. Certain defendants responded to the First Amended Complaint. Defendant Las Vegas Metropolitan Police Department served a Rule 12(b)(6) motion to dismiss and a motion for a more definite statement on September 21, 2026 (ECF Nos. 26 and 27).

4. Oracle was served with the summons and the First Amended Complaint on August 28, 2026 (ECF No. 50 at 2, ¶ 2). On September 22, 2026, the Court granted a first stipulation extending Oracle's deadline to respond to the First Amended Complaint to October 9, 2026 (ECF No. 31; ECF No. 50 at 2, ¶ 3). On October 5, 2026, Oracle and Plaintiff filed a second stipulation (ECF No. 50), which asks that Oracle's October 9, 2026 deadline be vacated and extended

pending the Court's ruling on the Motion for Leave. On October 6, 2026 the Court granted Oracle’s second stipulation at (ECF No. 52) and Oracle did not file an answer or a Rule 12 motion in response to the First Amended Complaint.

5. On October 1, 2026, Plaintiff filed the Second Amended Complaint as an independent filing (ECF No. 46). The same day, Plaintiff filed a Motion for Leave to File Second Amended Complaint (ECF No. 45), with the Second Amended Complaint attached, as a protective filing in the alternative.

6. On October 14, 2026, Defendants Eastside Convention Center LLC d/b/a Caesars Forum and Caesars Entertainment, Inc. filed an answer to the Second Amended Complaint. (ECF No. 55)

7. On October 16, 2026, Oracle filed its notice (ECF No. 60). Oracle states that it does not oppose the motion for leave, and that it does so "[w]ithout waiving any arguments or objections concerning whether the Second Amended Complaint states a claim against" Oracle (ECF No. 60 at 2). Oracle also states that Plaintiff "amended his pleading once as a matter of course with his First Amended Complaint on August 26, 2026," and that the Second Amended Complaint "required 'the opposing party's written consent or the court's leave.'" (*Id.*) Oracle

states that it will respond to the Second Amended Complaint within 14 days after the Court grants leave and it is properly served. (*Id.*)

## PLAINTIFF'S POSITION

### A. The text of Rule 15(a)(1)

8. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). Oracle's notice quotes the same words and adds emphasis to "once." The rule is also written in terms of a party amending "its pleading." Plaintiff's position is that the pleading the rule refers to is a pleading that has been served and to which a response is due.

9. Rule 15(a)(1) then sets two periods in which the amendment may be made: within 21 days after serving the pleading, or, if the pleading requires a responsive pleading, within 21 days after service of a responsive pleading or of a motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B). Both periods are measured from service: the first runs from service of the pleading, and the second runs from service of a responsive pleading or of a Rule 12 motion.

**B. The Second Amended Complaint was Plaintiff's first amendment of a served pleading**

10. The original complaint was never served. No defendant was required to answer it or move against it, and none did. The First Amended Complaint was the first pleading that reached the defendants, and defendants responded to it or obtained extensions of time to do so. Plaintiff's position is that the First Amended Complaint operated as the served pleading in this action, and that the Second Amended Complaint is the amendment of that pleading under Rule 15(a)(1).

11. Oracle's notice treats the First Amended Complaint as the one amendment as a matter of course because it was filed after the original complaint. Plaintiff respectfully disagrees. The notice does not address that the original complaint was never served. Because both periods in Rule 15(a)(1) run from service, and the original complaint was never served, no period under the rule ever began to run on the original complaint. Plaintiff reads the rule to mean that the First Amended Complaint was the first pleading to start any such period. Plaintiff has not read any Ninth Circuit or District of Nevada decision on this point, and none is cited here.

**C. The timing of the Second Amended Complaint**

12. LVMPD served its Rule 12(b)(6) motion and its Rule 12(e) motion on September 21, 2026. Plaintiff filed the Second Amended Complaint on October 1, 2026, which is 10 days after service of those motions and within the 21-day period in Rule 15(a)(1)(B). Plaintiff filed it after defendants had answered or moved against the First Amended Complaint, as Rule 15(a)(1)(B) contemplates.

13. The Second Amended Complaint was filed as an independent pleading, not only as an attachment to a motion. Plaintiff's position is that it was therefore filed as a matter of course, and that the Court's leave was not required for it to be operative.

14. As to Oracle, no responsive pleading and no Rule 12 motion directed at the First Amended Complaint was served, because Oracle's time to respond was extended by the Court's order on the first stipulation (ECF No. 31) and then, by the second stipulation, tied to the ruling on the Motion for Leave (ECF No. 50 at 2-3, ¶ 6). The second period in Rule 15(a)(1)(B) runs from service of a responsive pleading or a Rule 12 motion. Plaintiff's position is that, as to Oracle, that period

had not begun to run when the Second Amended Complaint was filed on October 1, 2026, and that the Second Amended Complaint superseded the First Amended Complaint before Oracle responded to it. Oracle's stipulation states that it is not a concession that leave should be granted (ECF No. 50 at 3, ¶ 7).

**D. In the alternative, leave should be granted under Rule 15(a)(2)**

15. If the Court determines that the First Amended Complaint used Plaintiff's one amendment as a matter of course, Plaintiff asks the Court to grant the pending motion for leave (ECF No. 45). Rule 15(a)(2) allows amendment "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

16. Oracle states in writing that it does not oppose the motion. Oracle also states that it is "[a]cknowledging the liberal policy in favor of amendment." (ECF No. 60 at 2.) Plaintiff does not contend that Oracle's notice is, by itself, a formal stipulation. Plaintiff asks the Court to treat Oracle's non-opposition as bearing on the leave motion, and to grant leave

17. Rule 15(a)(2) states that the court "should freely give leave when justice so requires." The Second Amended Complaint adds facts and allegations, including

as to the claims against LVMPD, which are summarized in Plaintiff's separate response to ECF No. 54. The case is at its earliest stage.

18. Oracle reserves its arguments on whether the Second Amended Complaint states a claim against it. Plaintiff does not ask the Court to decide that question now. Plaintiff asks only that the Second Amended Complaint be accepted as the operative pleading, so that every defendant, including Oracle, may respond to it as Fed. R. Civ. P. 15(a)(3) provides.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Determine that the Second Amended Complaint (ECF No. 46) was filed as a matter of course under Fed. R. Civ. P. 15(a)(1) and is the operative pleading;

2. In the alternative, grant Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 45) under Fed. R. Civ. P. 15(a)(2), and deem the Second Amended Complaint filed as of October 1, 2026; and

3. Grant such other relief as the Court finds proper.

Dated: October 16, 2026

/s/Alexander Ocasio
Alexander Ocasio
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, October 14, 2026, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT ORACLE AMERICA, INC.'S NOTICE OF NON-OPPOSITION (ECF NO. 60) AND STATEMENT THAT THE SECOND AMENDED COMPLAINT WAS FILED AS A MATTER OF COURSE** was served upon all counsel of record via the Court's CM/ECF electronic filing system as follows:

SEMENZA RICKARD LAW
Lawrence J. Semenza, III, Esq., Bar No. 7174 Email: ljs@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848 Email: klc@semenzarickard.com

LITTLER MENDELSON
McCade Jay Wing, mwing@littler.com
Attorneys for Defendants Eastside Convention Center LLC d/b/a Caesars Forum and Caesars Entertainment, Inc.

MCCRACKEN, STEMERMAN & HOLSBERRY, LLP
Luke Dowling, ldowling@msh.law
Attorneys for Defendant Culinary Workers Union 226, Unite Here Local 226

HOLLAND & HART LLP
Steven JT Washington, SJWashington@hollandhart.com
Attorneys for Defendant Oracle America, Inc.

HARTWELL THALACKER LTD.
Doreen M Spears-Hartwell, doreen@hartwellthalacker.com

Attorneys for Defendants Hannah Yeomans and HMBY Events LL
NEVADA ATTORNEY GENERAL'S OFFICE
GOVERNMENT AND NATURAL RESOURCES DIVISION
Christena Georgas-Burns, cgeorgasburns@ag.nv.gov
Attorneys for Defendants Timothy Andrews, Judge Tierra Jones, Judge Michael Cherry and Judge Mark Denton
OFFICE OF THE ATTORNEY GENERAL

Nathan C. Holland, nholland@ag.nv.gov, msanni@ag.nv.gov, smessina@ag.nv.gov
Attorneys for Defendants Chase Haverty and Pablo Flores

/s/ Alexander Ocasio