ALEXANDER OCASIO
9070 Spring Mountain Road, Unit 106
Las Vegas, Nevada 89117
(702) 300-8785
Alexanderocasio1@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALEXANDER OCASIO, Plaintiff,<br>vs.<br>EASTSIDE CONVENTION CENTER LLC d/b/a CAESARS FORUM, et al.,<br>Defendants. | Case No. 2:26-cv-01718-JAD-DJA<br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF 45) AND RESPONSE TO DEFENDANT LVMPD'S OPPOSITION (ECF 57)** |

Plaintiff Alexander Ocasio, appearing pro se, responds to the Response in Opposition filed by Defendant Las Vegas Metropolitan Police Department ("LVMPD") on October 15, 2026 (ECF 57). Plaintiff's position is that the Second Amended Complaint (ECF 46) was filed as a matter of course, that the Motion for

Leave (ECF 45) was a protective filing and is moot, and that, in the alternative, leave should be granted.

## INTRODUCTION

1. LVMPD asks the Court to deny leave because LVMPD contends Plaintiff already used his one amendment as a matter of course. LVMPD's own brief states that the original Complaint (ECF 1) was never served: "Prior to service of this Complaint, Plaintiff filed his First Amended Complaint ('FAC') on August 26, 2026. (ECF No. 5.)" (ECF 57 at 3.)

2. The First Amended Complaint was therefore the first pleading served on any defendant, and the first pleading to which any defendant responded. The Second Amended Complaint was filed on October 1, 2026, within 21 days after LVMPD served its Rule 12 motions on September 21, 2026. Plaintiff's position is that it was filed as a matter of course under Fed. R. Civ. P. 15(a)(1)(B), and that no leave was required.

3. LVMPD does not argue bad faith, undue delay or prejudice. Its opposition is directed to futility. As set out below, the Second Amended Complaint alleges

facts, including facts on conspiracy, that LVMPD's brief does not fully address, and Plaintiff has identified what discovery is needed to complete the pleading against LVMPD.

## PROCEDURAL BACKGROUND

4. Plaintiff filed the original Complaint on June 8, 2026 (ECF 1). It was not served on any defendant. LVMPD states the same in its brief (ECF 57 at 3).

5. Plaintiff filed the First Amended Complaint on August 26, 2026 (ECF 5), and it was served on the defendants as the operative pleading. As of September 3, 2026 all returns of service of the summons for service of the First Amended Complaint on all defendants was filed in the court record (ECF 41).

6. LVMPD served a Motion to Dismiss the First Amended Complaint, or alternatively a Motion for More Definite Statement, on September 21, 2026 (ECF 26; ECF 27).

7. On October 1, 2026, ten days after that service, Plaintiff filed the Second Amended Complaint as an independent filing (ECF 46). The same day, Plaintiff filed a Motion for Leave to File Second Amended Complaint (ECF 45), with the Second Amended Complaint attached, as a protective filing in case the Court concluded that leave was required.

8. LVMPD filed a Notice of Non-Opposition on October 14, 2026 (ECF 54). Plaintiff responded the same day (ECF 56). LVMPD filed its Response in Opposition to ECF 45 on October 15, 2026 (ECF 57). In a footnote, LVMPD acknowledges that the Second Amended Complaint "was filed within 21 days of the filing of all pending motions to dismiss." (ECF 57 at 5 n.1.)

9. Defendants Eastside Convention Center LLC d/b/a Caesars Forum and Caesars Entertainment, Inc. answered the Second Amended Complaint on October 14, 2026 (ECF 55). Stipulations to extend the time of other defendants to respond to the First Amended Complaint, or to the Second Amended Complaint if leave is granted, have been entered or filed.

## ARGUMENT

A. The Second Amended Complaint was filed as a matter of course, and the Motion for Leave is protective.

10. Fed. R. Civ. P. 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course no later than" the periods the rule then lists, which are measured from service of the pleading, or from service of a responsive pleading or a Rule 12(b), (e) or (f) motion. Fed. R. Civ. P. 15(a)(1). Fed. R. Civ. P. 15(a)(2) applies "[i]n all other cases." Fed. R. Civ. P. 15(a)(2).

11. LVMPD's argument rests on one premise: that the First Amended Complaint used Plaintiff's one amendment as a matter of course. ECF 57 at 5 (stating that Plaintiff "has already amended his Complaint once as a matter of course" and citing the First Amended Complaint). LVMPD's own account of the record shows why that premise does not fit this case. The original Complaint was never served. No defendant was required to respond to it, no response period ran on it, and no defendant did respond to it. The First Amended Complaint was the

pleading the defendants were served with, and it is the pleading they answered or moved against.

12. Each period in Rule 15(a)(1) is measured from service. Plaintiff reads the rule to mean that the right to amend as a matter of course attaches to the pleading that was served, and that the First Amended Complaint was the first pleading to start any such period. On that reading, the Second Amended Complaint is Plaintiff's amendment as a matter of course of the served pleading, and it was filed within 21 days after service of LVMPD's Rule 12 motions. LVMPD does not dispute the timing. (ECF 57 at 5 n.1.)

13. Plaintiff recognizes that the Court will decide how the one amendment is counted. That is why Plaintiff filed ECF 45 on the same day as ECF 46. The motion was filed as a precaution, not as a concession that leave was needed. If the Second Amended Complaint was properly filed as a matter of course, ECF 45 is moot and LVMPD's arguments about leave to amend have no object.

14. Because the Second Amended Complaint is the operative pleading, LVMPD's Motion to Dismiss and Motion for More Definite Statement, which are

directed at the First Amended Complaint, are moot. Under Fed. R. Civ. P. 15(a)(3), LVMPD may respond to the Second Amended Complaint within the time that rule sets "[u]nless the court orders otherwise." Fed. R. Civ. P. 15(a)(3).

B. In the alternative, leave should be granted.

15. If the Court concludes that leave was required, Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). LVMPD itself recites four commonly used factors: bad faith, undue delay, prejudice to the opposing party and futility. (ECF 57 at 5.) LVMPD's brief argues futility only. It does not argue bad faith. It does not argue prejudice. Its only reference to timing is a footnote stating that Plaintiff knew the LVMPD facts earlier. (ECF 57 at 6 n.2.) That footnote does not say the amendment was delayed or that LVMPD was prejudiced, and the case is at the pleading stage.

16. LVMPD states that the party opposing amendment bears the burden of showing why leave should be denied. (ECF 57 at 6.)

C. The Second Amended Complaint is not futile as to LVMPD; the conspiracy allegations are pleaded.

17. LVMPD states that the futility standard is the same as the Rule 12(b)(6) standard. (ECF 57 at 5 to 6.) Under that standard, Plaintiff's factual allegations are taken as pleaded.

18. The Second Amended Complaint alleges specific facts about LVMPD. On June 3, 2025, a manned LVMPD squad car was stationed in the Caesars Forum parking lot while Birthwright, Jeffery and Bradford followed and pursued Plaintiff. Plaintiff personally saw the unit when he went in to report the incident, and the officer took no action to intervene, assist, investigate or document the assault. (ECF 46 ¶ 104.) LVMPD's brief describes this as the presence of an "unnamed" officer. It does not address that the officer's identity is not yet known to Plaintiff. (ECF 46 ¶ 15 (Does 1 through 100).)

19. On March 18, 2026, Plaintiff filed a formal complaint with LVMPD, Case No. LVV260300071229, and gave LVMPD (a) the sworn testimony of eyewitness Marie Isabel Avalos, (b) an audio recording of Chiquita Jeffery's

testimony at the September 30, 2025 Employment Security Division hearing, (c) time-stamped photographs, and (d) an unredacted unemployment file with a written brief. LVMPD took no investigative action. (ECF 46 ¶ 105.)

20. Plaintiff alleges that in the March 18, 2026 submission he told LVMPD that the assault was connected to a coordinated conspiracy by the Employer Defendants to oppress him as a Puerto Rican employee, that the assault was racially motivated, and that the Employer Defendants had engaged in ex parte communications with state actors to deprive him of his employment rights. (ECF 46 ¶ 106.) He alleges that LVMPD's failure to investigate, after receiving that information and that evidence, furthered the conspiracy, and that LVMPD has a pattern of not investigating assault complaints by minority workers against employer defendants, including deploying officers to worksites who take no action when minority workers are physically threatened. (ECF 46 ¶ 107.)

21. LVMPD argues that failure to investigate "does not come close to animus." (ECF 57 at 7 to 8.) Plaintiff pleads more than a bare failure to investigate. He pleads that he is a Puerto Rican man of color, that he told LVMPD in writing the assault was racially motivated, that LVMPD received sworn eyewitness

testimony and recordings, and that LVMPD then did nothing. (ECF 46 ¶¶ 104 to 107.) He also pleads that the inaction was an overt act in the conspiracy, together with the Clerk's and the judicial defendants' conduct and the employer defendants' conduct. (ECF 46 ¶ 155(h); see ECF 46 ¶¶ 114 to 121.) Whether those facts show a meeting of the minds is a question that the facts in the possession of the other alleged conspirators will bear on, and the Employer Defendants' own EEOC admissions and the Zayas and Yeomans relationship pleaded in the Second Amended Complaint (ECF 46 ¶¶ 41 to 50) are among the facts alleged on coordinated conduct.

22. Plaintiff's declaratory relief claim is tied to the conspiracy claim. A declaration that LVMPD's conduct violated Plaintiff's constitutional rights is the predicate for Plaintiff's position that the Employer Defendants, who allegedly acted in concert with state actors, acted under color of state law for purposes of 42 U.S.C. § 1983. 42 U.S.C. § 1983. LVMPD calls the declaratory relief duplicative of the Third Cause of Action. (ECF 57 at 8 to 9.) Plaintiff's position is that the declaration does different work: it fixes the state-action link that the claims against the Employer Defendants depend on.

23. LVMPD states that the Second Amended Complaint does not request injunctive relief against LVMPD that the First Amended Complaint did not. (ECF 57 at 9.) Plaintiff addresses the relief requested in Part D below.

24. LVMPD's brief also states that the squad car was present on "June 3, 2026." The Second Amended Complaint alleges June 3, 2025. (ECF 46 ¶ 104.)

D. Discovery will identify the officer and shape the relief; further amendment is expected and the opposition is premature.

25. Plaintiff does not yet know the name of the LVMPD officer who was on duty in the squad car in the parking lot on June 3, 2025. That information is in LVMPD's possession. Plaintiff intends to learn it through discovery after LVMPD responds to the Second Amended Complaint, and then to seek leave to amend to name the officer in place of a Doe defendant.

26. In ECF 56 (at ¶ 18), Plaintiff stated that the prayer for relief in the Second Amended Complaint contains an error as to LVMPD, Pablo Flores and Chase Haverty, Esq., and that he will seek leave to change the relief requested

against them. As to LVMPD, Plaintiff intends to seek leave to limit the relief to declaratory relief and monetary damages. That is the further amendment Plaintiff has said he will request, and it is not a reason to deny the amendment now before the Court.

27. LVMPD argues that the proposed amendment is futile because the relief against it is duplicative or unchanged. A request that Plaintiff has already said he will refine, after LVMPD answers and after discovery names the officer, shows that the pleading against LVMPD is developing as the case develops. It does not show that the claim cannot be pleaded. Plaintiff's position is that a ruling on futility is better made on a motion directed at the operative pleading, once LVMPD has responded to it and Plaintiff has had the discovery described above. LVMPD may raise its arguments in that motion.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Find that the Second Amended Complaint (ECF 46) was filed as a matter of course under Fed. R. Civ. P. 15(a)(1), that it is the operative pleading, and that the Motion for Leave (ECF 45) is moot;

2. Find that LVMPD's Motion to Dismiss (ECF 26) and Motion for More Definite Statement (ECF 27) are moot as directed at the First Amended Complaint;

3. In the alternative, deny LVMPD's opposition (ECF 57), grant the Motion for Leave (ECF 45) under Fed. R. Civ. P. 15(a)(2), and deem the Second Amended Complaint filed as of October 1, 2026;

4. Order LVMPD to respond to the Second Amended Complaint within the time provided by Fed. R. Civ. P. 15(a)(3) or as the Court sets; and

5. Grant such other relief as the Court considers proper.

Dated: October 22, 2026
Respectfully submitted,

/s/ Alexander Ocasio

Alexander Ocasio, Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, October 22, 2026, a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF 45) AND RESPONSE TO DEFENDANT LVMPD'S OPPOSITION (ECF 57)** was served upon all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Alexander Ocasio

**SEMENZA RICKARD LAW**

Lawrence J. Semenza, III, Esq., Bar No. 7174 Email: ljs@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848 Email: klc@semenzarickard.com

Attorneys for Defendant Las Vegas Metropolitan Police Department

**LITTLER MENDELSON**
McCade Jay Wing, mwing@littler.com
*Attorneys for Defendants Eastside Convention Center LLC d/b/a Caesars Forum and Caesars Entertainment, Inc.*

**MCCRACKEN, STEMERMAN & HOLSBERRY, LLP**
Luke Dowling, ldowling@msh.law
*Attorneys for Defendant Culinary Workers Union 226, Unite Here Local 226*

**HOLLAND & HART LLP**
Steven JT Washington, SJWashington@hollandhart.com
*Attorneys for Defendant Oracle America, Inc.*

**HARTWELL THALACKER LTD.**
Doreen M Spears-Hartwell, doreen@hartwellthalacker.com
*Attorneys for Defendants Hannah Yeomans and HMBY Events LLC*

**NEVADA ATTORNEY GENERAL'S OFFICE**
**GOVERNMENT AND NATURAL RESOURCES DIVISION**
Christena Georgas-Burns, cgeorgasburns@ag.nv.gov

*Attorneys for Defendants Timothy Andrews*, *Judge Tierra Jones*, *Judge Michael Cherry and Judge Mark Denton*

**OFFICE OF THE ATTORNEY GENERAL**
Nathan C. Holland, nholland@ag.nv.gov, msanni@ag.nv.gov, smessina@ag.nv.gov
*Attorneys for Defendants Chase Haverty and Pablo Flores*