**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Alexander Ocasio,<br><br>Plaintiff<br><br>v.<br><br>Eastside Convention Center, LLC dba Caesars Forum, et al.,<br><br>Defendants | Case No. 2:26-cv-001718-JAD-DJA<br><br>**Order Granting HMBY's, Metro's, and the Judicial Defendants' Motions to Dismiss and Granting in Part Plaintiff's Motion for Leave to Amend**<br><br>ECF Nos. 18, 26, 27, 35, 44, 45 |

Pro se plaintiff Alexander Ocasio was a banquet server at the Caesars Forum. In a 47-page amended complaint, Ocasio claims that he suffered years of discrimination from his employer and coworkers, ultimately resulting in his constructive termination; a workplace assault in the Caesars parking lot; a defamatory event by the employee of a corporate client of Caesars; unfair representation from his Culinary Union; a sham proceeding at Nevada's Employment Security Division (ESD); total mishandling of his ESD judicial-review challenge by the clerks and judges of the Eighth Judicial District Court for Clark County, Nevada; and the Las Vegas Metropolitan Police Department's failure to investigate his complaints.[1] So he sues 18 defendants, asserting employment claims, civil-rights violations, conspiracy, and various torts, and he prays for a variety of remedies including injunctive relief, declaratory relief, and $30 million.[2]

---

[1] ECF No. 5 (amended complaint).

[2] *Id*. at 46–47.

Metro, the judiciary defendants, the union, corporate-client HMBY Events LLC and its employee Hannah Yeomans move to dismiss Ocasio's claims against them.[3] Ocasio responds with a motion to file a second amended complaint that adds factual allegations.[4] I grant Ocasio leave to file a second amended complaint, but because his claims against Metro, the judiciary defendants, Yeomans, and HMBY fail even with the proposed amendment, I grant their motions to dismiss with prejudice and without allowing Ocasio to amend or otherwise move forward with his claims against Metro or the judiciary defendants, or his defamation claim against Yeomans, HMBY, or Oracle.

## Analysis

### A. Ocasio needs leave of court to file a second amended complaint.

I start by clearing up the procedural confusion caused by Ocasio's filing of a second amended complaint instead of filing oppositions to the motions to dismiss. When the deadline to respond to Metro's motion to dismiss passed without a response, Metro asked the court to grant it as unopposed.[5] In response to that notice, Ocasio "states his position that the Second Amended Complaint was filed as a matter of course under Fed. R. Civ. P. 15(a)(1). In the alternative, Plaintiff asks the Court to grant leave under Fed. R. Civ. P. 15(a)(2)."[6]

---

[3] ECF Nos. 18 (HMBY), 26 & 27 (Metro), and 44 (judiciary defendants).

[4] ECF No. 45.

[5] ECF No. 54.

[6] ECF No. 59 at 1–2.

Ocasio was not permitted to file a second amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). The Ninth Circuit clarified in *Ramirez v. County of San Bernadino* that the rule provides just one opportunity to amend as of right, *either* after service of the complaint or in response to a Rule 12 motion challenging it.[7] Ocasio exhausted that one-amendment opportunity when he filed his first amended complaint, so he needs leave of court before his second amended complaint can become the operative one. Before I address the merits of Ocasio's motion for leave to amend, I consider the merits of some of the pending motions to dismiss.

### B. The judiciary defendants are immune from Ocasio's suit.

Ocasio sues Eighth Judicial District Court Clerk Timothy F. Andrews and Judges Tierra Jones, Michael Cherry, and Mark Denton, along with other non-judiciary defendants in his third cause of action for "Civil Rights Violations and Conspiracy—42 U.S.C. §§ 1983 and 1985."[8] These judiciary defendants move to dismiss based on the doctrine of judicial immunity.[9]

#### ***1. The judges enjoy absolute judicial immunity from Ocasio's suit.***

A judge is entitled to absolute immunity from civil suit for acts performed in his or her official capacity.[10] This rule recognizes that the appeals process—not a lawsuit

---

[7] *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007–8 (9th Cir. 2015).

[8] ECF No. 5 at 34.

[9] ECF No. 44.

[10] *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Dermoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985).

against the judge—is the appropriate vehicle for correcting judicial error.[11] It therefore applies to civil actions for damages and declaratory or injunctive relief.[12] A judge may lose this immunity if the action in question "is not judicial in nature."[13] To determine if an action is judicial in nature, courts look to whether the act is "a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity."[14] "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."[15]

The conduct for which Ocasio sues the judges is squarely judicial in nature. All of the acts he complains of were performed in their role as judges assigned to handle aspects of his case and "in their official capacities under color of state law . . . ."[16] He alleges that "Judge Cherry entered a substantive order in a case to which he was not assigned and in which Department 24 was vacant."[17] That order remanded the matter back to the Appeals Referee and the Board of Review for ESD. Ocasio alleges that "Judge Denton permitted the Clerk to enter an order [on Ocasio's motion brought under Nevada Rule of

---

[11] *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

[12] *Mullis v. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988).

[13] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

[14] *Ashelman*, 793 F.2d at 1075.

[15] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

[16] ECF No. 5 at ¶ 151.

[17] *Id*. at ¶ 36.

Civil Procedure 60] that usurped the judicial function."[18] And he sues Judge Jones for the acts of "then-Chief Judge Wiese" who "improperly denied [his] request to assign the case to an active judge and failed to comply with the assignment requirements of Nevada Supreme Court Rule 10(7)," because Judge Jones now holds the Chief Judge seat.[19]

Ocasio attempts to avoid judicial immunity by characterizing all of the acts taken by the judges as "void orders by judges without jurisdiction."[20] He attributes the "without jurisdiction" part to the fact that his case was randomly reassigned to Department 24, in which Judge Erika Ballou sat, but Ballou was suspended from performing her job at the time.[21] So his case was handled instead by other judges, primarily senior ones, filling in.[22]

But "[j]urisdiction is construed broadly [when] the issue is the immunity of a judge."[23] Judges lack immunity only if their conduct stems from "a clear lack of all subject matter jurisdiction"[24] but not if they "take[] actions [that] are in error, are done maliciously, or are in excess of [their] authority."[25] Thus, in *Schucker v. Rockwood*, a

---

[18] *Id*. at ¶ 132.

[19] *Id*. at ¶ 11 ("Chief Judge Jones, then Chief Judge Jerry Wiese is sued in her official capacity . . . for acts taken in conspiracy and in excess of and in the absence of his lawful judicial authority and jurisdiction under the color of state law."), ¶¶ 119, 124.

[20] *Id*. at ¶ 153(a).

[21] *Id*. at ¶ 115.

[22] *See id*. at ¶¶ 116–119, 123–132.

[23] *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (quoting *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990)).

[24] *Mullis*, 828 F.2d at 1389 (cleaned up).

[25] *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

litigant sued the judge for civil-rights violations, alleging that he had "misinterpreted a statute and erroneously exercised jurisdiction and thereby acted in excess of his jurisdiction" because an appeal had been filed, depriving him of jurisdiction over the case.[26] The Ninth Circuit found that the claim was barred by judicial immunity, reasoning that "[e]ven assuming [the judge's] assumption of jurisdiction was in excess of his jurisdiction, the act was not done in the clear absence of jurisdiction."[27]

The acts performed by the defendant judges were not done with a clear lack of jurisdiction. They were issuing orders in Ocasio's judicial-review action, which he initiated in the Eighth Judicial District Court. That court and its judges had jurisdiction under NRS 612.530, which expressly vested that court with the power to adjudicate Ocasio's judicial-review petition.[28] Under these circumstances, Ocasio cannot plausibly establish that the judges were acting in clear absence of jurisdiction, so his claims against them must be dismissed based on judicial immunity.

***2. Court Clerk Andrews also enjoys judicial immunity from Ocasio's suit.***

The doctrine of judicial immunity also bars Ocasio's claims against Court Clerk Timothy Andrews. "Absolute judicial immunity is not reserved solely for judges, but

[26] *Schucker*, 846 F.2d at 1204.

[27] *Id*. (cleaned up).

[28] Nev. Rev. Stat. § 612.530(1) ("Within 11 days after the decision of the Board of Review has become final, any party aggrieved thereby or the Administrator may secure judicial review thereof by commencing an action in the district court of the county where the employment which is the basis of the claim was performed for the review of the decision, in which action any other party to the proceedings before the Board of Review must be made a defendant.").

extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'"[29] In *Mullis v. U.S. Bankruptcy Court for the District of Nevada*, the Ninth Circuit recognized that "court clerks have absolute quasi-judicial immunity from damages for civil-rights violations when they perform tasks that are an integral part of the judicial process."[30] Mullis alleged that the court clerks "erred in failing to carry out their alleged duties" by not performing tasks required by statute, accepting and filing an incomplete petition, and later refusing to accept an amended one.[31] But the court held that the clerk was immune from suit, reasoning that these acts "properly are characterized as integral parts of the judicial process" as "[t]he clerk of court and deputy clerks are the officials through whom such filing is done," and "[a]ll of the acts complained of . . . are within the general subject-matter jurisdiction of the bankruptcy clerks."[32]

Ocasio alleges that Andrews's predecessor "Steven D. Grierson continually mishandled, misdirected, and obstructed Plaintiff's filings" in his judicial-review action, "causing prejudicial delays in the proceedings and jeopardizing" a briefing deadline.[33] He failed to replace Judge Ballou's name on his case after she was replaced by a new

---

[29] *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002) (quoting *Burns v. Reed*, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)).

[30] *Mullis*, 828 F.2d at 1390 (cleaned up).

[31] *Id.*

[32] *Id.* (cleaned up). *Accord, Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (holding that tribal-court clerk had judicial immunity for suit alleging that she "issued an improper summons in the tribal court case and rejected a filing from [the plaintiff] for not conforming with a tribal court rule.").

[33] ECF No. 5 at ¶ 117.

appointee, filed a notice of department reassignment that "falsely stated that the reassignment arose from 'a Peremptory Challenge,'" and entered an erroneous minute order purportedly for Judge Denton.[34] While Ocasio characterizes these acts as "ministerial, administrative, [ ] clerical" and "without judicial authorization" in an effort to get around immunity, because these are tasks performed as an integral part of the judicial process, Andrews is entitled to immunity from Ocasio's suit as a matter of law. And because it does not appear that the circumstances of which Ocasio complains could give rise to his liability even if Ocasio is given leave to amend, I dismiss the claim against Andrews with prejudice and without leave to amend.

**C. Ocasio's allegations fall far short of stating a claim against Metro.**

Ocasio sues Metro for civil-rights violations and conspiracy.[35] A bit of background is necessary to understand why. Ocasio alleges that he endured numerous insults and injuries during his employment at Caesars. One such event happened in the parking lot at work. Ocasio, a veteran, alleges that he parked in an area "designated as Caesars Forum Veteran Parking Only."[36] The facilities supervisor approached him and "demanded he move his vehicle on the basis that the space was reserved for Facilities Staff."[37] He refused, and the supervisor "began to follow and confront" Ocasio.[38] At the

---

[34] *Id*. at ¶¶ 128–132 (cleaned up).

[35] *Id*. at 34.

[36] *Id*. at 16.

[37] *Id*.

[38] *Id*.

same time, two vendors who happened to be in the same lot and "were working under the supervision of" the facilities supervisor (one "with clenched fists and in a threatening and intimidating posture toward" Ocasio) "followed and pursued" him while he walked toward the security station and reported the incident.[39]

Ocasio alleges that he reported this "assault" and other conduct "in connection with" his unemployment claim to Metro, which "failed to investigate the complaint and took no action."[40] He theorizes that this dereliction of duty "constitutes participation in the broader civil conspiracy to deprive [him] of his civil rights and to obstruct his access to justice."[41] Metro moves to dismiss this claim or for a more definite statement.[42]

While Metro offers numerous reasons that the claims against it must be dismissed, the strongest one is also the simplest: Ocasio has not pled any facts that even hint at—let alone support—a plausible claim against Metro. The only facts alleged against Metro are the thin details that Ocasio filed a complaint and that Metro did not investigate it. There are no factual allegations from which this court can reasonably infer that Metro's decision not to investigate Ocasio's complaint happened as part of a conspiracy with Caesars, everyone handling his unemployment matter at the ESD, and the judiciary defendants to "deprive [Ocasio] of his civil rights."[43]

---

[39] *Id*. at 16–17.

[40] *Id*. at 25, 36.

[41] *Id*. at 26.

[42] ECF Nos. 26, 27.

[43] ECF No. 5 at 36.

Federal pleading standards require a complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[44] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; plaintiffs must make direct or inferential factual allegations to meet "all the material elements necessary to sustain recovery under some viable legal theory."[45] A complaint that fails to do so must be dismissed.[46] These rules compel the dismissal of Metro because Ocasio's operative complaint falls far short of stating a claim against it.

Of course, federal courts must also interpret all pleadings "so as to do justice,"[47] thus leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[48] In his response to Metro's notice of non-opposition and his proposed second amended complaint, Ocasio offers the additional allegations that "a manned [Metro] squad car was in the parking lot on" the day of the incident but the officer "took no action to assist" Ocasio.[49] He also offers more detail about the substantive materials he provided to Metro with his complaint, including the fact that Ocasio told Metro that "the assault was racially motivated and part of a

---

[44] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[45] *Id*. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[46] *Id*. at 570.

[47] Fed. R. Civ. P. 8(e).

[48] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[49] ECF No. 56 at 5–6 (citing ECF No. 46 at ¶¶ 104–07).

conspiracy."[50] But this supplementation doesn't boost this claim against Metro over the Rule 12(b)(6) or Rule 15 hurdle. These facts still don't show a violation of any civil right or Metro's involvement in a conspiracy against Ocasio. At best, they show that Ocasio is of the strong, subjective opinion that his experiences are racially motivated and part of a widespread conspiracy, but there are no facts that show this.

Because Ocasio's allegations fall far short of stating a plausible legal claim against Metro, and it does not appear under these circumstances that Ocasio could supply additional, true facts that would cure this defect at this time, I grant Metro's motion to dismiss with prejudice and without leave to amend, and I deny as moot its request for a more definite statement.[51]

---

[50] *Id*.

[51] Ocasio's eighth and ninth claims for declaratory and injunctive relief, respectfully, are labeled "Against All Defendants," *see id*. at 42–46, but these claims don't even mention Metro, let alone state claims against it. Plus, declaratory and injunctive relief are remedies, not claims that can be pled as independent causes of action. *See Carrington Mortg. Servs., LLC v. SFR Invs. Pool 1, LLC*, 377 F. Supp. 3d 1187, 1193 (D. Nev. 2019), *aff'd sub nom. Carrington Mortg. Servs., LLC v. Liberty at Mayfield Cmty. Ass'n*, 812 F. App'x 593 (9th Cir. 2020) ("Injunctive relief" is a remedy, not an independent cause of action . . ."); *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201, "only creates a remedy," not an independent cause of action). Because Ocasio has not pled a plausible substantive claim against Metro, I dismiss claims eight and nine against it, too, without leave to amend. In his forthcoming second amended complaint, Ocasio should not plead independent causes of action for injunctive or declaratory relief; rather, he should include these relief requests inside the substantive claims for which such relief is appropriate.

**D. The alleged conduct of the HMBY defendants does not subject them to defamation liability.**

A central event in Ocasio's employment history happened on September 11, 2024.[52] Ocasio recounts that he was working "Oracle America, Inc.'s multi-million-dollar, five-day corporate event held in the Forum Ballroom at Caesars Forum" when "Hannah Yeomans, the Catering Food and Beverage Lead for Oracle America, Inc. and principal agent of HMBY Events LLC, approached" him and asked him to repeat what he had just said to a banquet coworker.[53] Ocasio responded, "Well I was speaking to him, and there are four coffee stations," and Yeomans "reacted with anger and demanded to know Plaintiff's name."[54] The exchange resulted in Ocasio getting reprimanded and placed on a one-day suspension because "Yeomans had complained that [he] was 'extremely rude' and requested that he be sent home," and Ocasio was forced to work alone and isolated for the rest of the conference, missing out on thousands of dollars in tips.[55]

Ocasio sues Yeomans, HMBY, and Oracle for defamation and tortious interference with his entitlement to tips and his employment relationship in general. While the defamation claim is targeted at numerous defendants and various events, its basis against Oracle, HMBY, and Yeoman is "Yeoman's false oral accusation to Caesars

---

[52] *See* ECF No. 5 at 11.

[53] *Id*. at 12.

[54] *Id*.

[55] *Id*. at 12–13.

Forum management that Plaintiff was 'extremely rude.'"[56] HMBY and Yeomans move to dismiss the defamation claim against them.[57]

To state a plausible defamation claim in Nevada, the plaintiff must identify a false and defamatory statement.[58] A statement is defamatory only if it contains a false statement of fact, as "only assertions of fact, not opinion, can be defamatory."[59] Whether a statement is capable of a defamatory construction is a question of law for the court to decide.[60]

Courts have consistently found that the statement that a person is rude is a constitutionally protected opinion, not a fact. In *Hernandez v. Scottsdale Hotel Group, LLC*, the court found that statements that the plaintiff was "rude and disrespectful" "amount[ed] to non-actionable opinion," so it dismissed the defamation claim.[61] In *Green v. Trinity International University*, an Illinois court dismissed similar defamation claims.[62] It reasoned, "[w]e determine that any statements that plaintiff acted rudely,

---

[56] *Id*. at 39.

[57] While HMBY and Yeomans state that "Plaintiff's amended complaint should be dismissed as a matter of law," their motion addresses only Ocacio's defamation claim.

[58] *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 90 (Nev. 2002).

[59] *Wynn v. Smith*, 16 P.3d 424, 431 (Nev. 2001) (quoting *K–Mart Corp. v. Washington*, 866 P.2d 274, 281 (Nev. 1993)).

[60] *Branda v. Sanford*, 637 P.2d 1223, 1225 (Nev. 1981).

[61] *Hernandez v. Scottsdale Hotel Grp., LLC*, 2020 WL 6827745, at *3 (D. Ariz. Nov. 20, 2020). *See also Turner v. Devlin*, 848 P.2d 286, 292 (Ariz. 1993) (holding that letter describing police conduct as "rude and disrespectful" with a "manner border[ing] on police brutality" was "plainly" based on a "personal impression" and therefore non-actionable).

[62] *Green v. Trinity Int'l Univ.*, 801 N.E.2d 1208, 1220 (Ill. Ct. App. 2003).

spent too much class time on material unrelated to his course, and was 'unprofessionally candid' constitute nonactionable opinion. What is considered rude or unprofessional differs from person to person."[63] And in *Hakimi v. Guidant Global*, the Southern District of New York dismissed a defamation claim brought in the employment context, concluding that "the statement that plaintiff was 'rude' cannot suffice to establish a defamation claim" because "'rude' is an inherently subjective characterization [that] could not be objectively verified."[64] Likewise, in *Gallagher v. Connell*, a California court held that the assessment that someone is "extremely rude" is "not defamatory because it does not make a factual assertion capable of being proven true or false. Whether someone is 'extremely rude' is a subjective judgment of the person making the statement."[65] As these cases illustrate, Yeoman's reporting of Ocasio as extremely rude is simply not the kind of statement that the law recognizes as defamatory, so it cannot form the basis for his defamation claim against her, HMBY, or Oracle.

Ocasio attempts to cure this problem in his proposed second amended complaint by supplementing with the allegation that Yeoman also complained that Ocasio "responded to her 'in a very intimidating way' and that she 'never experienced such behavior during her past visits.'"[66] These statements, he argues, "go beyond a mere

---

[63] *Id*.

[64] *Hakimi v. Guidant Glob*., 2023 WL 8005321, at *8 (S.D.N.Y. Nov. 17, 2023).

[65] *Gallagher v. Connell*, 20 Cal. Rptr. 3d 673, 681 (Cal. Ct. App. 2004).

[66] ECF No. 46 at 23.

opinion. . . ."[67] But the law doesn't think so. Describing Ocasio as having "responded . . . in a very intimidating way" merely expresses the listener's subjective interpretation of demeanor, which is not defamatory.[68] Thus, in *Hartzell v. Marana Unified School District*, the Ninth Circuit found that the report that an employee had been using her work email account "to harass, bully, intimidate, and threaten people" was not "actionable because" those words "merely describe[d] how the author . . . interpreted Plaintiff's communications."[69] And the law recognizes that loose, hyperbolic language like saying that one has "never experienced such behavior" before is also not actionably defamatory.[70] Because the additional facts on which Ocasio rests this claim against Yeomans, HMBY, and Oracle fail to save it, and because Ocasio has been unable to state an actionable defamation claim against these parties in three iterations of his complaint, I find that further amendment of this claim would be futile. So I dismiss this claim against Yeomans, HMBY, and Oracle[71] with prejudice and without leave to amend.

---

[67] *Id*. at 24.

[68] *See, e.g.*, *Kahle v. Lilo Enters. Inc.*, 2026 WL 2529482, at *36 (D. Ariz. Aug. 27, 2026) (finding that accusations of harassment were just "subjective opinion" and perception); *Taylor v. CNA Corp*., 782 F. Supp. 2d 182, 202 (E.D. Va. 2010) (finding that calling the plaintiff "intimidating" and "bullying" was "not actionable for defamation" because it was a matter of opinion); *Lester v. Powers*, 596 A.2d 65, 71 (Me. 1991) (statement that professor was intimidating "convey[ed speaker's] subjective evaluation" and was "not [a] statement[] of fact but rather her personal observation[]").

[69] *Hartzell v. Marana Unified Sch. Dist*., 130 F.4th 722, 732 (9th Cir.), cert. denied, 146 S. Ct. 298 (2025).

[70] *Id*. at 746.

[71] Although Oracle did not file a motion to dismiss this claim, because the liability of Oracle is based on Yeomans's conduct, it fails against Oracle for the same reason it fails against Yeoman and HMBY. *See Omar v. Sea-Land Serv., Inc*., 813 F.2d 986, 991 (9th

**E. The court grants Ocasio limited leave to amend.**

Anticipating that this court might find that he needs leave of court to file a second amended complaint, Ocasio filed a motion to permit him to do so.[72] As he accurately recounts,[73] Rule 15 advises district courts to grant leave to amend liberally, dismissing claims with prejudice and without leave only when "it is clear" that a claim "could not be saved by amendment."[74] While I find that Ocasio's claims against Metro and the judiciary defendants, along with his defamation claim against the HMBY defendants, cannot be saved by his proposed second amended complaint, rendering his amendment as to those parties and claims futile, I do not reach the same conclusion as to his other claims. And the liberality of Rule 15 counsels that I otherwise grant Ocasio's request. So I grant Ocasio leave to file a second amended complaint, cautioning that he must not include claims against Metro or the judiciary defendants, and he may not include a defamation claim against Yeomans, HMBY, or Oracle. If he intends to seek injunctive or declaratory relief, he should include those requests as part of the substantive claims they are appropriate for, not as independent causes of action. Ocasio must file this second amended complaint no later than November 17, 2026, and title it "Second Amended

---

Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . without notice where the claimant cannot possibly win relief."); *Silverton v. Dep't of Treasury of U.S. of Am*., 644 F.2d 1341 (9th Cir. 1981) (a district court may dismiss an action against defendants who have not moved to dismiss if such defendants are in a position similar to that of moving defendants or the claims against such defendants are integrally related).

[72] ECF No. 45.

[73] *Id*. at 8.

[74] *Eminence Cap., LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

Complaint." And to eliminate confusion in the docket, I will direct the clerk of court to strike the unauthorized second amended complaint filed at ECF No. 46.

The union also filed a motion to dismiss,[75] but when Ocasio asked for leave to amend,[76] the union indicated that it "does not oppose" his request for amendment and reserves its arguments for its response to a second amended complaint.[77] In light of this position, I deny the union's motion to dismiss as moot and without prejudice to its ability to file a proper motion in response to Ocasio's forthcoming second amended complaint.

**Conclusion**

IT IS THEREFORE ORDERED that:

- Defendants Hannah Yeomans and HMBY Events LLC's motion to dismiss **[ECF No. 18] is GRANTED; Ocasio's Fifth Cause of Action for Defamation is DISMISSED against Yeomans, HMBY Events, and Oracle America, Inc., with prejudice and without leave to amend**, leaving that claim pending against the employer defendants only;
- Defendant Las Vegas Metropolitan Police Department's motion to dismiss **[ECF No. 26] is GRANTED**, and its motion for more definite statement **[ECF No. 27] is DENIED** as moot; **Ocasio's claims against the Las Vegas Metropolitan Police Department are dismissed with prejudice and without leave to amend, and the Clerk of Court is directed to**

---

[75] ECF No. 35.

[76] ECF No. 45.

[77] ECF No. 58.

**TERMINATE Las Vegas Metropolitan Police Department as a defendant** in this case;

- Defendant Culinary Workers Union 226, Unite Here Local 226's motion to dismiss **[ECF No. 35] is DENIED** without prejudice;
- **Defendants Timothy Andrews, Michael Cherry, Mark Denton, and Tierra Jones**'s motion to dismiss **[ECF No. 44] is GRANTED**; the claims against these judiciary defendants are **DISMISSED with prejudice** and without leave to amend, and **the Clerk of Court is directed to TERMINATE them as defendants** in this case;
- Plaintiff Alexander Ocasio's motion for leave to file a second amended complaint **[ECF No. 45] is GRANTED IN PART. Ocasio has until November 17, 2026, to file a second amended complaint** that complies with the instructions and limitations in this order. He may not include claims against the judiciary defendants or Metro, nor may he include a defamation claim against Yeomans, HMBY, or Oracle. **The Clerk of Court is directed to STRIKE the second amended complaint filed without leave of court at ECF No. 46.**

U.S. District Judge Jennifer A. Dorsey
October 27, 2026