ALEXANDER OCASIO
965 E. Cottage Grove Ave, Apt. 9
Las Vegas, NV 89119
(702) 300-8785
Alexanderocasio1@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALEXANDER OCASIO,
Plaintiff,
vs. Case No. 2:26-cv-01718-JAD-DJA

EASTSIDE CONVENTION CENTER LLC
d/b/a CAESARS FORUM, et al.,
Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANT ORACLE AMERICA, INC.'S UNTIMELY JOINDER [ECF No. 75]**

Plaintiff Alexander Ocasio, appearing pro se, opposes Defendant Oracle America, Inc.'s ("Oracle") Joinder (ECF No. 75). Oracle filed the Joinder three days after its deadline to respond to Plaintiff's Motion for Entry of Partial Final Judgment under Fed. R. Civ. P. 54(b) (ECF No. 65) expired. It filed after briefing closed and the day after Plaintiff filed his Notice of Non-Opposition (ECF No. 73). The Joinder gives no reason of its own and offers no excuse for the delay. Under

Local Rule 7-2(d), Oracle had already consented to the granting of the motion when its deadline passed. The Court should deny the Joinder, decline to consider it, and treat Oracle as having consented to ECF No. 65. Plaintiff is filing a separate Motion to Strike ECF No. 75 at the same time as this Opposition, as LR IC 2-2(b) requires.

MEMORANDUM OF POINTS AND AUTHORITIES

I. PROCEDURAL BACKGROUND

1. Plaintiff filed his Motion for Entry of Partial Final Judgment under Fed. R. Civ. P. 54(b) on November 8, 2026. The docket set the response deadline as November 22, 2026. (CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 10) The Court struck the misclassified duplicate at ECF No. 64, leaving ECF No. 65 as the operative motion. (CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 10)

2. Among other relief, the motion seeks final judgment on the Fifth Cause of Action for defamation as to Hannah Yeomans, HMBY Events LLC, and Oracle. (PLAINTIFF'S NOTICE OF NON-OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b) [ECF No. 65] at 2)

3. On November 16, 2026, Defendants HMBY Events LLC and Hannah Yeomans filed a response (ECF No. 69). (CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 10) Plaintiff replied on November 22, 2026 (ECF No. 71). (CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 11)

4. Oracle filed nothing by November 22, 2026. On November 24, 2026, Plaintiff filed his Notice of Non-Opposition (ECF No. 73), which identified Oracle among the defendants that had consented under LR 7-2(d). (PLAINTIFF'S NOTICE OF NON-OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b) [ECF No. 65] at 3; CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 11)

5. On November 25, 2026, three days after the deadline and one day after Plaintiff's Notice, Oracle filed its "Joinder" to the HMBY/Yeomans response. (CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 11) The Joinder's entire substance is two sentences stating that Oracle "adopts and incorporates by reference" the Opposition and that "[t]he grounds apply equally to Oracle." (DEFENDANT ORACLE AMERICA, INC.'S JOINDER TO DEFENDANTS HANNAH YEOMANS

AND HMBY EVENT LLC'S MOTION FOR RULE 54(b) CERTIFICATION [64] at 2) The Joinder identifies the motion it opposes as ECF No. 64. (DEFENDANT ORACLE AMERICA, INC.'S JOINDER TO DEFENDANTS HANNAH YEOMANS AND HMBY EVENT LLC'S MOTION FOR RULE 54(b) CERTIFICATION [64] at 2) The Court struck that filing on November 9, 2026. (CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 10)

II. ARGUMENT

*A. The Joinder is untimely.*

For motions other than summary judgment, "the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion." (NV R USDCT LR 7-2) Plaintiff served ECF No. 65 on all counsel through CM/ECF on November 8, 2026, and the docket set responses due by November 22, 2026. (PLAINTIFF'S NOTICE OF NON-OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b) [ECF No. 65] at 2; CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 10) Oracle filed on November 25, 2026. (CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 11) November 22, 2026 fell

on a Sunday. Even if the deadline ran to Monday, November 23, 2026, the Joinder was still two days late.

Courts in this District reject joinders filed after the governing deadline. In *Collins*, the court struck a joinder that was filed well past the deadline by a defendant who had not been included in the co-defendants' extension request. (Collins v. Nevada Dep't of Corr., No. 2:22-CV-01795-CDS-BNW, 2025 WL 638627 (D. Nev. Feb. 25, 2025)) That is Oracle's position here. Oracle never sought an extension, and HMBY and Yeomans's timely response did not extend Oracle's deadline. As Judge Silva explained, "[a] party cannot avoid the dispositive-motion deadline by couching its own motion for summary judgment as a 'joinder' to a timely one." (Symeonides v. Trump Ruffin Com., LLC, 789 F. Supp. 3d 1005, 1022–1023 (D. Nev. 2025)) Oracle's Joinder is, in substance, Oracle's own opposition to ECF No. 65, filed after its time to oppose expired. Calling it a joinder does not make it timely.

*B. Oracle states no independent reason to deny the motion.*

The Joinder offers nothing specific to Oracle. Its only statement about Oracle is the conclusory assertion that "[t]he grounds apply equally to Oracle." (DEFENDANT ORACLE AMERICA, INC.'S JOINDER TO DEFENDANTS

HANNAH YEOMANS AND HMBY EVENT LLC'S MOTION FOR RULE 54(b) CERTIFICATION [64] at 2) Oracle does not explain how it would be prejudiced by entry of partial final judgment, why the HMBY/Yeomans arguments fit its own circumstances, or why it stayed silent through the full response period. Judges in this District have cautioned "that joinders are not a matter of right, but rather, a motion should be file[d] seeking joinder to another pleading." (Kohli v. Dayal, No. 220CV00538CDSNJK, 2024 WL 1300054 (D. Nev. Mar. 27, 2024)) Oracle filed no such motion and showed no cause. The Joinder is not even directed at the operative motion. It identifies ECF No. 64, which the Court had already struck. (DEFENDANT ORACLE AMERICA, INC.'S JOINDER TO DEFENDANTS HANNAH YEOMANS AND HMBY EVENT LLC'S MOTION FOR RULE 54(b) CERTIFICATION [64] at 2; CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 10) A filing that states no reason of its own and opposes a stricken document gives the Court no basis to deny ECF No. 65 as to Oracle.

*C. Oracle consented to the motion under LR 7-2(d), and the untimely Joinder cannot undo that consent.*

Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a

motion for attorney's fees, constitutes a consent to the granting of the motion. (NV R USDCT LR 7-2) ECF No. 65 is a Rule 54(b) motion, not a Rule 56 motion or a motion for attorney's fees, so neither exception applies. Courts in this District apply the rule as written: "by failing to file a timely response, a party consents to the granting of an adverse motion." (Lasmarias v. Univ. Med. Ctr. of S. Nevada, No. 218CV1851JCMNJK, 2021 WL 5985133 (D. Nev. Dec. 16, 2021)) Where the response deadline passed without a response, the court granted the motion because the failure to respond "constitutes a consent to the granting of the motion." (McCoy v. Philadelphia Ins. Co., No. 220CV00879GMNDJA, 2020 WL 5606900 (D. Nev. Sept. 17, 2020))

Oracle's consent was complete when its deadline passed. A party cannot recover an opportunity it let lapse simply by attaching its name to another party's brief after the fact. Plaintiff acknowledges that the Ninth Circuit has recognized a court's discretion to relieve a party of local-rule "consent." (United States v. Warren, 601 F.2d 471, 473–474 (9th Cir. 1979)) Some judges in this District have also declined to impose case-dispositive consequences under LR 7-2(d) where late responses were on file, after weighing the *Ghazali* factors. (Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n, 238 F. Supp. 3d 1257, 1267–1268 (D. Nev. 2017)) Neither line of authority helps Oracle. First, Oracle has not

asked for relief from its consent and has offered no reason for its delay, so there is nothing for the Court to weigh. Second, the *Ghazali* factors concern whether to grant a Rule 12 motion against a party "because a party failed to comply with a local rule." (Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n, 238 F. Supp. 3d 1257, 1267–1268 (D. Nev. 2017)) Plaintiff is not seeking dismissal of Oracle's defenses or any sanction against Oracle. He seeks only to have Oracle held to the consequence the Local Rules attach to its own inaction. And unlike in *Nationstar*, where the court relied on the fact that the moving party "ha[d] already replied" to the late responses, Plaintiff has had no chance to respond to Oracle. (Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n, 238 F. Supp. 3d 1257, 1267–1268 (D. Nev. 2017))

*D. Accepting the Joinder would prejudice Plaintiff and undermine his Notice of Non-Opposition.*

Plaintiff relied on the Local Rules. He replied to the only timely opposition on November 22, 2026, and then filed his Notice of Non-Opposition, which identified Oracle as a consenting defendant. (PLAINTIFF'S NOTICE OF NON-OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b) [ECF No. 65] at 4; CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 11) Oracle filed its Joinder the next

day. (CIVIL DOCKET FOR CASE #: 2:26-cv-01718-JAD-DJA at 11) By then the briefing on ECF No. 65 was closed. The reply deadline had run, and "[s]urreplies are not permitted without leave of court." (NV R USDCT LR 7-2)

The timing harms Plaintiff in three ways. First, it undercuts Plaintiff's Notice of Non-Opposition after the fact by turning an unopposed request into a contested one. Second, it adds Oracle's opposition to the record when Plaintiff has no ordinary right to respond, forcing a pro se litigant to file more motion papers just to protect a position the Local Rules already secured. Third, it rewards Oracle for ignoring a deadline that every other party met. If the Joinder stands, the response deadline means nothing for any party that can adopt a co-defendant's timely brief after the period closes. That result is inconsistent with the Local Rules and unfair to Plaintiff.

## III. CONCLUSION

Plaintiff respectfully requests that the Court:

1. Deny Defendant Oracle America, Inc.'s Joinder (ECF No. 75) and decline to consider it in ruling on ECF No. 65;

2. Find that Oracle failed to file points and authorities in response to ECF No. 65 by the response deadline and has therefore consented to the granting of the motion under LR 7-2(d);

3. Grant Plaintiff's Motion for Entry of Partial Final Judgment under Fed. R. Civ. P. 54(b) (ECF No. 65), including as to the Fifth Cause of Action against Oracle, expressly determine that there is no just reason for delay, and direct entry of final judgment as requested; and

4. Grant any other relief the Court finds appropriate.

Dated: November 25th , 2026

Respectfully submitted,

/s/ Alexander Ocasio

Alexander Ocasio

Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on November 25th , 2026, I served a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT ORACLE AMERICA, INC.'S UNTIMELY JOINDER [ECF No. 75] on all counsel of record through the Court's CM/ECF electronic filing system.

/s/ Alexander Ocasio

Alexander Ocasio